UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

RUDOLPH BETANCOURT, Individually,

    Plaintiff,

vs.                                                                                          Case No.

NEW REALTY INVESTMENTS, L.L.C., a
Florida Limited Liability Company, d/b/a
Comfort Suites,

    Defendant.
_____/

# **COMPLAINT**
*Injunctive Relief Demanded*

Plaintiff, RUDOLPH BETANCOURT, Individually, on his behalf and on behalf of all other mobility impaired individuals similarly situated, (sometimes referred to as "Plaintiff"), hereby sues the Defendant, NEW REALTY INVESTMENTS, L.L.C., a Florida Limited Liability Company, d/b/a Comfort Suites, (herein sometimes referred to as "Defendant"), for Injunctive Relief, and attorney's fees, litigation expenses, and costs pursuant to the Americans with Disabilities Act, 42 USC § 12181, *et seq*. ("ADA").

    1.    Plaintiff, Rudolph Betancourt, is an individual residing in Fenwick, MI 48834, in the County of Montcalm.

    2.    Defendant's property, Comfort Suites (FLB68), is located at 2201 N. Commerce Pkwy., Weston, FL 33326, in the County of Broward.

    3.    Venue is properly located in the Southern District of Florida because venue lies in the judicial district of the property situs.

    4.    The Defendant's property is located in and does business within this judicial district.

5. Pursuant to 28 USC § 1331 and 28 USC § 1343, this Court has been given original jurisdiction over actions which arise from the Defendant's violations of Title III of the Americans with Disabilities Act, 42 USC § 12181, *et seq*. *See also*, 28 USC § 2201 and § 2202.

6. Rudolph Betancourt is a Michigan resident, is sui juris, and qualifies as an individual with disabilities as defined by the ADA.

7. Mr. Betancourt is a double amputee who uses either prosthetic devices and/or a wheelchair for mobility.

8. Mr. Betancourt regularly comes to South Florida and the municipalities therein, including Weston, Florida, to see friends, and family members.

9. Mr. Betancourt is a marine and has many colleagues in the area. He enjoys the weather and the plethora of cultural events the city offers.

10. He also comes regularly to the Weston area in conjunction with his son's playing baseball in the minor leagues held at the Weston Regional Park.

11. Mr. Betancourt stayed as a hotel guest at the subject property which forms the basis of this lawsuit on September 16, 2021.

12. Mr. Betancourt would return to the subject hotel if it were made accessible for his use.

13. The barriers to access as set forth herein at the subject property have endangered his safety.

14. Defendant owns, leases, (or leases to), or operates a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201(a) and 36.104.

15. Defendant is responsible for complying with the obligations of the ADA.

16. The place of public accommodation that the Defendant owns, operates, leases or leases to is known as Comfort Suites (FLB68), and is located at 2201 N. Commerce Pkwy., Weston, FL 33326.

17. Rudolph Betancourt has a realistic, credible, existing and continuing threat of discrimination from the Defendant's non-compliance with the ADA with respect to the property as described but not necessarily limited to the allegations in this Complaint.

18. Plaintiff has reasonable grounds to believe that he will continue to be subjected to discrimination in violation of the ADA by the Defendant.

19. Mr. Betancourt desires to visit Comfort Suites (FLB68), not only to avail himself of the goods and services available at the property, but to assure himself that the property is in compliance with the ADA so that he and others similarly situated will have full and equal enjoyment of the property without fear of discrimination.

20. The Defendant has discriminated against the Plaintiff by denying him access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the property, as prohibited by 42 USC § 12182, *et seq.*

21. The Defendant has discriminated, and is continuing to discriminate, against the Plaintiff in violation of the ADA by failing to, <u>inter alia</u>, have accessible facilities by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less).

22. A preliminary inspection of the Comfort Suites (FLB68) has shown that violations exist.

23. These violations which Rudolph Betancourt personally encountered and/or observed, and which were confirmed by an ADA expert include, but are not limited to:

### Accessible Route

24. The side entrance door to the main lobby has a threshold with a vertical change in level that exceeds the maximum requirement of ¼ inch.

25. This makes it difficult for the Plaintiff to traverse.

26. The foregoing is in violation of Sections 303.2 and 404.2.5 in the 2010 ADA Standards.

27. The remediation of the foregoing ADA violation is readily achievable.

### Parking

28. There is no marked access aisle adjacent to the vehicle pull-up space of the passenger loading zone.

29. This makes it difficult for the Plaintiff to safely traverse to the lobby.

30. The foregoing is in violation of Sections 503.3 and 503.3.3 of the 2010 ADA Standards.

31. The remediation of the foregoing ADA violation is readily achievable.

### Entrances

32. The main lobby entrance and side entrance do not provide the international symbol of accessibility or directional signage.

33. This makes it difficult for the Plaintiff to identify the accessible entrance.

34. The foregoing is in violation of Sections 216.4.3, 216.6, and 703.7.2.1 in the 2010 ADA Standards.

35. The remediation of the foregoing ADA violation is readily achievable.

### Common Lobby Area

36. The service counter in the main lobby exceeds the maximum height requirement of 36 inches above the finish floor.

37. This makes it difficult for the Plaintiff to utilize.

38. The foregoing is in violation of Sections 904.4.1 and 904.4.2 in the 2010 ADA Standards.

39. The remediation of the foregoing ADA violation is readily achievable.

40. The counter seating to consume food or drinks exceeds the maximum height requirement of 34 inches above the finish floor to the top of the table surface.

41. This makes it difficult for the Plaintiff to utilize.

42. The foregoing is in violation of Section 902.3 in the 2010 ADA Standards.

43. The remediation of the foregoing ADA violation is readily achievable.

44. The tables do not provide compliant knee and toe clearance as required.

45. This makes it difficult for the Plaintiff to utilize.

46. The foregoing is in violation of Sections 306.2 and 306.3 in the 2010 ADA Standards.

47. The remediation of the foregoing ADA violation is readily achievable.

48. The dining area does not provide at least 5% of complaint seating as required.

49. This makes it difficult for the Plaintiff to utilize.

50. The foregoing is in violation of Section 226.1 in the 2010 ADA Standards.

51. The remediation of the foregoing ADA violation is readily achievable.

52. The cups for the waffle mix exceed the maximum height requirement of 48 inches above the finish floor.

53. This makes it difficult for the Plaintiff to utilize.

54. The foregoing is in violation of Sections 308.2, 308.3, and 309.3 in the 2010 ADA Standards.

55. The remediation of the foregoing ADA violation is readily achievable.

### Fitness Center

56. The bench is obstructing the clear floor space for an approach to the weights.

57. This makes it difficult for the Plaintiff to utilize.

58. The foregoing is in violation of Section 305.3 in the 2010 ADA Standards.

59. The remediation of the foregoing ADA violation is readily achievable.

60. The cycling machine is obstructing the clear floor space for an approach to the water and trash receptacle.

61. This makes it difficult for the Plaintiff to utilize.

62. The foregoing is in violation of Sections 305.3 and 305.5 in the 2010 ADA Standards.

63. The remediation of the foregoing ADA violation is readily achievable.

### Pool Area

64. The table does not provide compliant knee and toe clearance.

65. This makes it difficult for the Plaintiff to utilize.

66. The foregoing is in violation of Sections 306.2 and 306.3 in the 2010 ADA Standards.

67. The remediation of the foregoing ADA violation is readily achievable.

68. The table exceeds the maximum height requirement of 34 inches above the finish floor.

69. This makes it difficult for the Plaintiff to utilize.

70. The foregoing is in violation of Section 902.3 in the 2010 ADA Standards.

71. The remediation of the foregoing ADA violation is readily achievable.

72. The self-latching gate's operable mechanism exceeds the maximum height requirement of 54 inches.

73. This makes it difficult for the Plaintiff to utilize.

74. The remediation of the foregoing ADA violation is readily achievable.

75. The walkway that leads to the pool gate does not provide 18 inches of latch side clearance as required for a pull gate.

76. This makes it difficult for the Plaintiff to utilize.

77. The foregoing is in violation of Section 404.2.4.1 in the 2010 ADA Standards.

78. The remediation of the foregoing ADA violation is readily achievable.

**Accessible Public Men's Restroom**

79. The trash receptacle is obstructing the clear floor space for an approach to the paper towel dispenser.

80. This makes it difficult for the Plaintiff to utilize.

81. The foregoing is in violation of Sections 305.3 and 305.5 in the 2010 ADA Standards.

82. The remediation of the foregoing ADA violation is readily achievable.

83. The paper towel dispenser exceeds the maximum height requirement of 48 inches above the finish floor to the operable mechanism.

84. This makes it difficult for the Plaintiff to utilize.

85. The foregoing is in violation of Sections 308.2, 308.3, and 309.3 in the 2010 ADA Standards.

86. The remediation of the foregoing ADA violation is readily achievable.

87. The lavatory drain pipe is not fully insulated as required.

88. The partially exposed pipe creates a burning hazard to the Plaintiff.

89. The foregoing is in violation of Section 606.5 in the 2010 ADA Standards.

90. The remediation of the foregoing ADA violation is readily achievable.

91. The mirrors exceed the maximum height requirement of 40 inches above the finish floor to the reflection surface.

92. This makes it difficult for the Plaintiff to utilize.

93. The foregoing is in violation of Section 603.3 in the 2010 ADA Standards.

94. The remediation of the foregoing ADA violation is readily achievable.

**Accessible Public Men's Restroom Toilet Compartment**

95. The trash receptacle in the accessible is obstructing the clear floor space for an approach to the paper towel dispenser.

96. This makes it difficult for the Plaintiff to utilize.

97. The foregoing is in violation of Sections 305.3 and 305.5 in the 2010 ADA Standards.

98. The remediation of the foregoing ADA violation is readily achievable.

99. The lavatory drain pipe in the accessible toilet compartment is not fully insulated as required.

100. The partial exposure creates a burning hazard to the Plaintiff.

101. The foregoing is in violation of Section 606.5 in the 2010 ADA Standards.

102. The remediation of the foregoing ADA violation is readily achievable.

103. The toilet paper dispenser exceeds the required range from the front rim of the toilet of 7 inches minimum and 9 inches maximum.

104. This makes it difficult for the Plaintiff to utilize.

105. The foregoing is in violation of Section 604.7 in the 2010 ADA Standards.

106. The remediation of the foregoing ADA violation is readily achievable.

107. The toilet compartment door does not provide a u-pull on the inside of the door.

108. This makes it difficult for the Plaintiff to utilize.

109. The foregoing is in violation of Section 604.8.1.2 in the 2010 ADA Standards.

110. The remediation of the foregoing ADA violation is readily achievable.

111. The trash receptacle is obstructing the pull door with a latch approach and door closer 54 inches of perpendicular clearance.

112. This makes it difficult for the Plaintiff to utilize.

113. The foregoing is in violation of Section 404.2.4.1 in the 2010 ADA Standards.

114. The remediation of the foregoing ADA violation is readily achievable.

**Accessible Guest Room 209**

115. The trash receptacle is obstructing the clear floor space for an approach to the sink.

116. This makes it difficult for the Plaintiff to utilize.

117. The foregoing is in violation of Sections 305.3, 305.5, 606.2, and 804 in the 2010 ADA Standards.

118. The remediation of the foregoing ADA violation is readily achievable.

119. The table does not provide proper knee and toe clearance as required.

120. This makes it difficult for the Plaintiff to utilize.

121. This foregoing is in violation of Sections 306.2 and 306.3 in the 2010 ADA Standards.

122. The remediation of the foregoing ADA violation is readily achievable.

123. The table is obstructing the clear floor space for an approach to the standing lamp's operable mechanism.

124. This makes it difficult for the Plaintiff to utilize.

125. The foregoing is in violation of Sections 305.3 and 305.5 in the 2010 ADA Standards.

126. The remediation of the foregoing ADA violation is readily achievable.

127. The trash receptacle is obstructing the clear floor space for an approach to the lavatory.

128. This makes it difficult for the Plaintiff to utilize.

129. The foregoing is in violation of Sections 305.3, 305.5, 606.2, and 804 in the 2010 ADA Standards.

130. The remediation of the foregoing ADA violation is readily achievable.

131. The lavatory drain pipe in the accessible toilet compartment is not fully insulated as required.

132. The partial exposure creates a burning hazard to the Plaintiff.

133. This makes it difficult for the Plaintiff to utilize.

134. The foregoing is in violation of Section 606.5 in the 2010 ADA Standards.

135. The remediation of the foregoing ADA violation is readily achievable.

136. The toilet's water tank is obstructing the 1 ½ inches of spacing below the rear wall grab bar.

137. This makes it difficult for the Plaintiff to utilize.

138. The foregoing is in violation of Section 609.3 in the 2010 ADA Standards.

139. The remediation of the foregoing ADA violation is readily achievable.

140. The toilet is obstructing the clear floor space for an approach to the towel shelf.

141. This makes it difficult for the Plaintiff to utilize.

142. The foregoing is in violation of Sections 305.3 and 305.5 in the 2010 ADA Standards.

143. The remediation of the foregoing ADA violation is readily achievable.

144. The toilet paper dispenser exceeds the required range from the front rim of the toilet of 7 inches minimum and 9 inches maximum.

145. This makes it difficult for the Plaintiff to utilize.

146. The foregoing is in violation of Section 604.7 in the 2010 ADA Standards.

147. The remediation of the foregoing ADA violation is readily achievable.

148. The standard roll-in shower does not provide a permanent folding seat as required in transient lodging.

149. This makes it difficult for the Plaintiff to utilize.

150. The foregoing is in violation of Section 608.4 in the 2010 ADA Standards.

151. The remediation of the foregoing ADA violation is readily achievable.

152. The shower spray unit exceeds the maximum height requirement of 48 inches above the finish floor to the operable mechanism.

153. This makes it difficult for the Plaintiff to utilize.

154. The foregoing is in violation of Sections 608.2, 608.3, and 609.3 in the 2010 ADA Standards.

155. The remediation of the foregoing ADA violation is readily achievable.

156. The grab bars in the standard roll-in shower are not in the compliant locations as required.

157. This makes it difficult for the Plaintiff to utilize.

158. The following is in violation of Section 608.3.2 in the 2010 ADA Standards.

159. The remediation of the foregoing ADA violation is readily achievable.

**Lack of Compliant Disabled Rooms Properly Disbursed**

160. The subject hotel lacks the required number of compliant disabled rooms.

161. The disabled rooms are not dispersed amongst the various classes of guest rooms.

11

162. The foregoing is in violation of Section 224.5 of the 2010 ADAAG.

163. The remediation of the foregoing ADA violation is readily achievable.

**Maintenance**

164. The accessible features of the facility are not maintained, creating barriers to access for Rudolph Betancourt, as set forth herein.

165. The foregoing is in violation of 28 CFR 36.211.

166. The remediation of the foregoing ADA violation is readily achievable.

167. All of the foregoing cited violations are violations of both the 1991 Americans with Disabilities Act Guidelines (ADAAG) and the 2010 Standards for Accessible Design, as adopted by the Department of Justice.

168. The discriminatory violations described above are not an exclusive list of the Defendant's ADA violations.

169. Plaintiff requires the inspection of the Defendant's place of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and all of the barriers to access.

170. The Plaintiff and all other individuals similarly situated have been denied access to, and have been denied the benefits of services, programs and activities of the Defendant's buildings and its facilities, and have otherwise been discriminated against and damaged by the Defendant because of the Defendant's ADA violations, as set forth above.

171. The Plaintiff and all others similarly situated will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein.

172. In order to remedy this discriminatory situation, the Plaintiff requires an inspection of the Defendant's place of public accommodation in order to determine all of the

areas of non-compliance with the Americans with Disabilities Act.

173. Defendant has discriminated against the Plaintiff by denying them access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of its place of public accommodation or commercial facility in violation of 42 USC § 12181, *et seq.,* and 28 CFR 36.302, *et seq.*

174. Furthermore, the Defendant continues to discriminate against the Plaintiff, and all those similarly situated by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

175. Plaintiff is without adequate remedy at law and is suffering irreparable harm. Considering the balance of hardships between the Plaintiff and Defendant, a remedy in equity is warranted.

176. Furthermore, the public interest would not be disserved by a permanent injunction.

177. Plaintiff has retained the undersigned counsel and is entitled to recover attorney's fees, costs and litigation expenses from the Defendant pursuant to 42 USC § 12205 and 28 CFR 36.505.

178. Defendant is required to remove the existing architectural barriers to the physically disabled, when such removal is readily achievable for its place of public accommodation that has existed prior to January 26, 1992, 28 CFR 36.304(a); in the alternative, if there has been an alteration to Defendant's place of public accommodation since January 26,

1992, then the Defendant is required to ensure to the maximum extent feasible, that the altered portions of the facility are readily accessible to and useable by individuals with disabilities, including individuals who use wheelchairs, 28 CFR 36.402; and finally, if the Defendant's facility is one which was designed and constructed for first occupancy subsequent to January 26, 1993, as defined in 28 CFR 36.401, then the Defendant's facility must be readily accessible to and useable by individuals with disabilities as defined by the ADA.

179.  Notice to Defendant is not required as a result of the Defendant's failure to cure the violations by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less).

180.  All other conditions precedent have been met by Plaintiff or waived by the Defendant.

181.  Pursuant to 42 USC § 12188, this Court is provided with authority to grant Plaintiff Injunctive Relief, including an order to require the Defendant to alter the Comfort Suites (FLB68), to make those facilities readily accessible and useable to the Plaintiff and all other persons with disabilities as defined by the ADA; or by closing the facility until such time as the Defendant cures its violations of the ADA.

182.  Prior to the filing of this lawsuit, Plaintiff's counsel conducted a thorough PACER search to determine if there were prior ADA filings regarding this property.  In fact, one such case, Howard Cohan v. New Realty Investments, LLC, 0:14-cv-60796-WJZ, was located. However, the Plaintiff therein is known not to be disabled, and the allegations set forth therein relate solely to the property's swimming pool.  The matter was apparently settled, though the settlement was not filed with the Court. Plaintiff's counsel therein was previously disbarred from this Court, and had his Florida Bar license revoked in 2018.

WHEREFORE, Plaintiff respectfully requests:

A. The Court issue a Declaratory Judgment that determines that the Defendant at the commencement of the subject lawsuit is in violation of Title III of the Americans with Disabilities Act, 42 USC § 12181, *et seq.*

B. Injunctive relief against the Defendant, including an order to make all readily achievable alterations to the facility; or to make such facility readily accessible to and useable by individuals with disabilities to the extent required by the ADA; and to require the Defendant to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such steps that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

C. An award of attorney's fees, costs and litigation expenses pursuant to 42 USC § 12205.

D. The Order shall further require the Defendant to maintain the required assessable features on an ongoing basis, and to require the institution of a policy that requires Defendant to maintain its accessible features on an ongoing basis.

  E. Such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act.

            Respectfully submitted,

            /s/Brandon A. Rotbart
            Brandon A. Rotbart, Esq., Of Counsel
            FL Bar No. 124771
            FULLER, FULLER & ASSOCIATES, P.A.
            12000 Biscayne Blvd., Suite 502
            North Miami, FL 33181
            (305) 891-5199
            (305) 893-9505 – Facsimile
            Rotbart@rotbartlaw.com

            *Counsel for Plaintiff Rudolph Betancourt*